FILED

September 12, 2017

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 8:31 A.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD
### (HEARD AUGUST 30, 2017, AT MEMPHIS)

| | | |
|---|---|---|
| Larry Butler | ) | Docket No.   2016-07-0459 |
| | ) | |
| v. | ) | State File No. 43507-2016 |
| | ) | |
| AAA Cooper Transportation, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Allen Phillips, Judge | ) | |

---

**Affirmed and Remanded—Filed September 12, 2017**

---

The employee, a truck driver, suffered injuries when the tractor trailer he was driving left the roadway and overturned.  An in-cab video recording system showed the employee slumped over, suggesting he was either asleep or unconscious, at the time the truck left the roadway.  The employer denied the claim on the bases that the employee's injury was idiopathic or was the result of his willful failure to perform a duty required by law as set out in Tennessee Code Annotated section 50-6-110(a)(5) (2016).  The sole issue on appeal is whether the employer presented sufficient evidence to establish its affirmative defense of willful failure to perform a duty required by law.  The trial court found that it did not and ordered medical benefits.  The employer has appealed.  We affirm the trial court's decision and remand the case.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Christopher M. Myatt, Memphis, Tennessee, for the employer-appellant, AAA Cooper Transportation

Emily Bragg, Memphis, Tennessee, for the employee-appellee, Larry Butler

### Factual and Procedural Background

Larry Butler ("Employee") worked for AAA Cooper Transportation ("Employer") as a truck driver.  On May 22, 2016, while driving in Alabama on his assigned route to

Florida from Employer's terminal in Memphis, Tennessee, Employee was involved in an accident in which his truck left the roadway, crossed the median and the westbound lanes of the interstate, traveled down an embankment, and ultimately came to rest on its side. Employee was able to extricate himself from the truck and call 911. He was transported from the accident scene to the hospital. There is no dispute that Employee was within the course of his employment at the time of the accident and that he suffered injuries as a result of the accident.

The Employer had recently installed a camera system that provided video of both the inside of the cab as well as the roadway immediately in front of the truck. The video appears to show Employee in an unconscious state immediately before and throughout the course of the accident. Employer denied the claim, asserting Employee's injuries were idiopathic in nature or were the result of his willful failure to perform a duty required by law.

At the expedited hearing, Employee was the only witness to testify. He described feeling the truck pulling to the left and stated he was unable to bring it back under control. He denied falling asleep and stated that if he had passed out, it had come on suddenly and with no warning. He stated that he "didn't blackout [sic] because there [was] nothing, no warning, and [he] was awake going down with that truck and going through all those trees and bushes." He acknowledged that "anything's a possibility," but reiterated his belief that he did not black out while driving. When questioned about whether he had gotten a good night's sleep the night before, he testified that he had and that he had taken a nap the afternoon before as well. He described feeling good when he left Employer's terminal in Memphis. Employee testified that, had he felt tired or fatigued while driving, he would have taken a break. He denied feeling fatigued or in any way impaired prior to the accident.

Because Employer denied the claim, Employee sought treatment with his primary care physician, Dr. David Guthrie. A medical record from the day after the accident reflects that Employee reported experiencing some dizziness prior to the accident and described having some fatigue as a result of new stressors in his life. When questioned about these symptoms at the expedited hearing, Employee explained that, with respect to his report of experiencing dizziness, Dr. Guthrie had "asked [him] if [he] got dizzy." In response, Employee said he was "just like everybody else. Once in a while you'll get up and turn around. That's the only time . . . like if you get up too fast or something and [he] didn't want to lie to him and say no." He explained that he "didn't mean at the wreck." Furthermore, regarding the report of fatigue due to recent stressors, Employee explained he meant stressors resulting from having just been in the accident and facing uncertainty over his employment, not any new stressors before the accident.

2

After the expedited hearing, the trial court concluded Employee's injury was not idiopathic and that he had not willfully failed to perform a duty required by law and ordered medical benefits.[1] Employer has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2016) ("There shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise."). However, we review questions of law *de novo* with no presumption of correctness. *See Am. Mining Ins. Co. v. Campbell*, No. M2015-01478-SC-R3-WC, 2016 Tenn. LEXIS 907, at *18 (Tenn. Workers' Comp. Panel Dec. 9, 2016) ("A trial court's conclusions of law are reviewed *de novo* upon the record with no presumption of correctness."). Moreover, the interpretation and application of statutes and regulations concerns issues of law, which we review *de novo* with no presumption of correctness afforded to the trial court's findings. *See Seiber v. Reeves Logging*, 284 S.W.3d 294, 298 (Tenn. 2009); *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App Bd. LEXIS 14, at *9 (Tenn. Workers' Comp. App. Bd. May 18, 2015).

## Analysis

Initially, we note that Employer cites Tennessee Code Annotated section 50-6-217(a)(3) (2016) (repealed 2017) in support of its argument that the trial court's decision is not supported by substantial and material evidence. Section 50-6-217(a)(3) authorized us to reverse or modify a trial court's decision if the rights of a party were prejudiced because the findings of the trial judge were "not supported by evidence that is both substantial and material in light of the entire record." However, this code section was deleted effective May 9, 2017. Consequently, as noted above, the standard we apply in reviewing the trial court's decision presumes that the trial judge's factual findings are correct unless the preponderance of the evidence is otherwise. Tenn. Code Ann. § 50-6-239(c)(7).

Turning to the merits of the appeal, although Employer asserted at the expedited hearing that Employee's claim was barred because his injury was idiopathic and he had willfully failed to perform a duty required by law, only the latter defense has been raised as an issue on appeal. Employer argues that Employee willfully operated the truck while feeling fatigued or impaired, violating federal and state law with respect to truck drivers and their obligation to remain alert while operating their vehicles. In asserting this

---

[1] The trial court denied Employee's request for temporary disability benefits but, because Employee does not raise this as an issue on appeal, we forego any discussion of that issue.

defense, Employer relies on Tennessee Code Annotated section 50-6-110(a)(5) (2016), which states that "[n]o compensation shall be allowed for an injury or death due to . . . [t]he employee's willful failure to perform a duty required by law." With respect to this argument, the trial court concluded there was "no evidence [Employee] willfully drove the truck on the day of the accident knowing he was too fatigued or impaired to safely operate the truck." We agree.

There is no dispute that the state and federal regulations relied upon by Employer apply to Employee in his capacity as a truck driver. Furthermore, there is no dispute that the camera system in Employee's truck shows him slumped over, apparently asleep or unconscious, immediately prior to and during the accident. However, there is no proof in the record before us that Employee intentionally operated the truck in a fatigued or impaired state. Although the video evidence may support a conclusion that he fell asleep or was rendered unconscious for an unknown reason, it does not support an inference that he willfully failed to perform a duty required by law. He testified he had gotten a good night's sleep the night before and had taken a nap the afternoon before picking up his truck, and he felt good when leaving Employer's terminal. He described the extensive driving he has done over the course of his career with no similar incidents. He stated that, had he begun to feel fatigued or ill, he would have stopped and taken a break. The video system, while showing Employee slumped over immediately prior to the accident, does not show how he came to be that way.

Employer insists that the trial court incorrectly focused on whether Employee's falling asleep or becoming unconscious was "intentional," rather than on whether Employee "intentionally elected to drive the commercial motor vehicle" in an impaired state. Yet, Employer points to no evidence in the record that supports its theory. Instead, Employer asks us to infer that because the video showed Employee either asleep or unconscious, he must have known he was operating the truck in an impaired state prior to the accident. The trial court declined to draw such an inference, and we agree with this determination. In short, the record is devoid of proof that Employee took any action, willful or otherwise, in contravention of either federal or state law applicable to truck drivers.

## Conclusion

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's decision at this interlocutory stage of the case. Accordingly, the trial court's decision is affirmed, and the case is remanded for any further proceedings that may be necessary.

4



**FILED**

**September 12, 2017**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 8:31 A.M.



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Larry Butler | ) | Docket No. 2016-07-0459 |
| | ) | |
| v. | ) | State File No. 43507-2016 |
| | ) | |
| AAA Cooper Transportation, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 12th day of September, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Emily B. Bragg | | | | | X | ebragg@forthepeople.com tschumpert@forthepeople.com |
| Christopher M. Myatt | | | | | X | cmyatt@spicerfirm.com tlamer@spicerfirm.com |
| Allen Phillips, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov